# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**JOHN THOMPSON NIX, JR.**                                           **PLAINTIFF**

**v.**                              **No. 3:15-CV-00344-JTR**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                    **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

John Nix ("Nix") applied for social security disability benefits with an alleged onset date of September 17, 2012. (R. at 56). His applications were denied by the administrative law judge ("ALJ"), and the Appeals Council denied review. (R. at 1). The ALJ's decision stands as the Commissioner's final decision, and Nix has requested judicial review.[1]

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.   The Commissioner's Decision**

The ALJ found that Nix had the severe impairments of status post right total knee arthroplasty, COPD, osteoarthritis, left eye blindness, and obesity. (R. at 17). The ALJ then determined that Nix's impairments left him with the residual functional capacity ("RFC") to perform sedentary work except that he could not

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.

perform work requiring excellent bilateral vision; could only occasionally climb ramps or stairs, balance, stoop, crouch, and crawl; could never climb ladders, ropes, or scaffolds or kneel; must avoid unprotected heights, hazards, and concentrated exposure to fumes, odors, and gases. (R. at 18). The ALJ took testimony from an vocational expert ("VE") and determined that the RFC precluded Nix's past relevant work. (R. at 22). The VE testified that the RFC would allow work in jobs such as telephone sales and dispatcher, and the ALJ therefore held that Nix was not disabled. (R. at 22–23).

## II. Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g).

Nix argues that the ALJ's decision is not supported by substantial evidence on the record as a whole because the ALJ improperly weighed the opinions of Nix's treating physician and failed to properly incorporate the limitations from those opinions.

The ALJ gave great weight to a November 2013 opinion by Dr. Jason Brandt, Nix's treating physician, but gave little weight to a December 2013 opinion by the same doctor. (R. at 21). Nix notes that, in weighing the November 2013 opinion, the

ALJ stated that the "opinion is given great weight as it is consistent with the claimant's ability to perform work at the sedentary level with additional limitations due to his decreased range of motion." (R. at 21). As Nix observes, this reasoning is backwards. An ALJ must give good reasons for the weight given to an opinion. *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014). In this instance, the ALJ seems to have come to a conclusion before assigning weight to the evidence, and such reasons are not good reasons. As Nix also notes, the November 2013 and December 2013 opinions have no appreciable differences between them (R. at 419–21, 435–36). The differences between the opinions owe more to the different formats of the opinion forms rather than to any substantive difference.

Nix also notes that the ALJ, in weighing the December 2013 opinion, stated that Nix "testified that he was able to drive, shop for groceries and help his disabled girlfriend." (R. at 22). Nix argues that the actual testimony was that his girlfriend and teenage daughter assist him with household chores and that he can sit on a chair to prepare meals and set clothes on a chair in order to load them into a washing machine. (R. at 38–39, 42–43). The ALJ's characterization of Nix's testimony is inaccurate, and such a characterization does not support the ALJ's decision. The ALJ's reasons for weighing the opinions of Nix's treating physician are inadequate, and the decision is therefore not supported by substantial evidence on the record as a whole.

### III.  Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's decision is therefore REVERSED and REMANDED, with instructions to further develop the record as necessary and to perform a proper evaluation of the treating physician opinions.

It is so ordered this 14th day of November, 2016.

*[signature: J. Thomas Ray]*

_____
UNITED STATES MAGISTRATE JUDGE